PS 8
(3/15)

FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Aug 24, 2026

SEAN F. MCAVOY, CLERK

# UNITED STATES DISTRICT COURT

for

Eastern District of Washington

U.S.A. vs. Magana-Roman, Jonathan Edgar Docket No. 0980 1:25CR02113-RLP-1

## Petition for Action on Conditions of Pretrial Release

COMES NOW Ashleigh Miller, PRETRIAL SERVICES OFFICER presenting an official report upon the conduct of defendant Jonathan Edgar Magana-Roman, who was placed under pretrial release supervision by the Honorable U.S. Magistrate Judge Alexander C. Ekstrom, sitting in the court at Yakima, Washington, on the 3rd day of November 2025, and a consent to modify conditions of release was signed and approved by the Court on the 3rd day of August 2026, under the following conditions:

**Special Condition #6:** Defendant shall participate in a program of GPS location monitoring. Defendant shall wear, at all times, an electronic device under the supervision of the U.S. Probation/Pretrial Services Office. In the event Defendant does not respond to location monitoring or cannot be found, the U.S. Probation/Pretrial Services Office shall forthwith notify the U.S. Marshals Service, who shall immediately find, arrest, and detain the defendant. Defendant shall pay all or part of the cost of the program based upon ability to pay as determined by the U.S. Probation/Pretrial Services Office. Defendant shall refrain from obstructing or attempting to obstruct or tamper, in any fashion, with the efficiency and accuracy of any location monitoring that is required as a condition of release.

RESPECTFULLY PRESENTING PETITION FOR ACTION OF COURT FOR CAUSE AS FOLLOWS:

On November 4, 2025, a probation officer met with the defendant and the conditions of release were reviewed with Mr. Magana-Roman. He verbalized an understanding of all conditions of release and signed a copy of the order setting conditions of release memorializing his statement.

On July 16, 2026, the undersigned and the defendant signed a consent to modify the conditions of his release to include special conditions 10 and 11, which prohibit him from consuming any alcohol or entering any establishments where alcohol is the primary item of sale. Mr. Magana-Roman's counsel, and the Court, concurred and signed the same document, which was filed on August 3, 2026, and indicated the modification of conditions of release to be effective beginning on August 4, 2026.

On August 12, 2026, a petition for action on conditions of pretrial release was filed with the Court requesting a summons be issued requiring Mr. Magana-Roman appear before the Court to answer to the allegation that he consumed alcohol on or about August 9, 2026. A summons was issued that same day requiring Mr. Magana-Roman to appear in Court on September 2, 2026; the summons was later executed on August 14, 2026.

**Violation #2:** Mr. Magana-Roman is alleged to have violated his conditions of release by tampering with his location monitoring equipment, namely the strap securing the GPS monitor to his person, on or about July 17, 2026.

On the night of July 17, 2026, Mr. Magana-Roman called the undersigned stating that he was "tripping out" because another probation officer had called him regarding an alert from his ankle monitor. Mr. Magana-Roman advised that when he drew back the covers to look at his ankle monitor during that conversation, he noticed it was no longer on his person. The undersigned made virtual contact with Mr. Magana-Roman at that time and noted the unit to be removed from his ankle and the rubber strap apparently torn. When asked, Mr. Magana-Roman adamantly denied tampering with the unit intentionally and suggested that he may have scratched his leg in his sleep with his opposite foot, causing the unit to dislodge from his person.

Early on July 18, 2026, the undersigned contacted Mr. Magana-Roman at his home for the purpose of reinstalling a GPS unit on his leg and collecting the damaged unit. At that time, the probation officer again inquired with Mr. Magana-Roman as to whether he did anything to tamper with the unit or purposefully remove it from his ankle, as the undersigned could see obvious tears in the rubber strap. He continued to deny any intentional destruction or tampering with the unit. As a result of his insistent denials, the unit was sent to its manufacturer for a failure analysis.

On August 24, 2026, the undersigned received the Failure Analysis Report from BI Incorporated. The conclusion from the manufacturer was, "The nature and severity of the damage are consistent with client-caused damage, likely resulting from a forceful attempt to remove the strap. The damage does not appear consistent with the device falling from the leg or with an attempt to reposition the tracker."

PRAYING THAT THE COURT WILL ORDER A WARRANT AND WILL INCORPORATE THE ABOVE VIOLATION WITH THE VIOLATION PREVIOUSLY REPORTED TO THE COURT

---

I declare under the penalty of perjury that the foregoing is true and correct.

Executed on: August 24, 2026

by s/Ashleigh Miller

Ashleigh Miller
U.S. Pretrial Services Officer

---

THE COURT ORDERS

[ ] No Action
[X] The Issuance of a Warrant
[ ] The Issuance of a Summons
[X] The incorporation of the violation(s) contained in this petition with the other violations pending before the Court.
[ ] Defendant to appear before the Judge assigned to the case.
[X] Defendant to appear before the Magistrate Judge.
[ ] Other

Alexander C. Ekstrom

Signature of Judicial Officer

8/24/2026

Date